IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIFFANY AMANDA HOTTLE | : | CIVIL ACTION |
| | : | |
| v. | : | No. 18-545 |
| | : | |
| GEORGE W. HILL CORRECTIONAL FACILITY | : : | |

**MEMORANDUM**

**Juan R. Sánchez, C. J.**                                                                             September 10, 2019

      Pro se Plaintiff Tiffany Amanda Hottle, an inmate in the State Correctional Institution - Phoenix, brings claims pursuant to 42 U.S.C. § 1983 against Defendants Krolle, Cooper, and Brown[1] for constitutional violations that occurred while she was incarcerated at George W. Hill Correctional Facility—a correctional facility run by Delaware County, Pennsylvania.[2] Defendants move separately to dismiss Hottle's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Because Hottle has not specifically alleged facts to state a claim upon which relief can be granted on either her conditions of confinement claim or her inadequate medical care claim, Defendants' Motions to Dismiss will be granted.

---

[1] The Court notes that the parties' filings do not refer to any party by his or her full name. Therefore, the Court uses the names as Hottle has set forth in her filings.

[2] At the time of filing, Hottle was at State Correctional Institution - Muncy. She has since been transferred to State Correctional Institution - Phoenix permanently, although she is currently at a diagnostic and rehabilitation center.

## BACKGROUND[3]

Hottle's claims stem from events that occurred while she was incarcerated at George W. Hill Correctional Facility (GWH) around November 2016. First, Hottle alleges she was subject to unsanitary prison conditions causing her infection with Hepatitis B. Hottle had no infectious disease before her commitment at GWH and she was diagnosed with Hepatitis B after two-to-three months of confinement at GWH. *See* Compl. 3; Pl.'s Resp. to Defs.' Mot. to Dismiss ¶ 14, 17, 44, 50, 51. At GWH, "there were times the Unit and Block smelled of urine also and had rats in the showers. The sewers are connected to the drains in the shower room." Pl.'s Resp. ¶ 72. Hottle further alleges GWH is generally unsanitary and there are problems with cleanliness, sanitation, control and public safety. *See* Pl.'s Resp. ¶ 18. At the relevant time, Krolle and Cooper were assigned to the oversight of Hottle's cell block and were responsible for the welfare of the inmates housed therein.

Second, Hottle alleges she received inadequate medical treatment for her Hepatitis B infection. On the day prior to Hottle receiving her Hepatitis B diagnosis, she was walking in her block when Krolle approached her and stated Hottle looked yellow. Hottle stated she was fatigued and did not feel like herself. Krolle told Hottle she should go to medical and Hottle agreed to have Krolle escort her there. At some point before reaching the medical wing, Krolle met with Cooper in front of the office and joined Krolle and Hottle on their way.

When they arrived at the medical wing, Brown was the correctional officer on duty in medical and she was watching over the security cameras. While Nurse Dotty cared for Hottle,

---

[3] The following facts are from Hottle's Complaint and her Response to Defendants' Motion, the allegations of which the Court takes as true for purposes of deciding the instant motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding a court considering a Rule 12(b)(6) motion to dismiss should "assume the[] veracity" of the Complaint's "well-pleaded factual allegations").

Krolle and Cooper waited at the doors. Hottle repeatedly asked to go to the hospital. At this time, personnel were unaware of what condition or infection Hottle suffered from. *See* Pl.'s Resp. ¶ 26-27. Nurse Dotty suggested Hottle might need a bilirubin test, or her condition might be caused by something in her stomach. Hottle was placed under observation, Krolle and Cooper left the medical wing, and Hottle was not taken to the hospital. Brown, as the overseeing correctional officer of the medical wing, then handcuffed Hottle to the gurney. Brown returned to her post and continued to monitor the security cameras. Six hours later, a physician assistant released Hottle to her block.

The next day, Hottle returned to the medical wing and received blood tests and lab work. Nurse S informed Hottle her lab reports showed a diagnosis of Hepatitis B. Nurse S also told Hottle she likely contracted the disease from the prison. Dr. Pierce later told Hottle she had irreversible liver failure and "her [CBC] numbers were out of whack." Compl. 3. Dr. Pierce also informed Hottle she was infected in the last two weeks but did not prescribe her any medications, refer her to the hospital, or send her to see an infectious disease doctor.

Based on the foregoing, Hottle filed the instant action on February 5, 2018, against Krolle, Cooper, and Brown. In her Complaint, Hottle alleges violations of her Eighth Amendment rights regarding her conditions of confinement and inadequate medical care. Defendants Krolle and Cooper filed a Motion to Dismiss on June 19, 2018. Hottle responded to the Motion on June 19, 2018. At that time, Defendant Brown had not been served with Hottle's Complaint. The Court stayed this case for 60 days from September 5, 2018, until November 4, 2018. During the stay, Defendant Brown was served. She then filed an identical Motion to Dismiss on November 9, 2018. Hottle did not respond to Brown's Motion and the Court ordered Hottle to respond by March 18,

2019. To date, Hottle has not responded to Brown's Motion. Defendants' Motions are now ripe for review.

**DISCUSSION**

To withstand dismissal under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the facts pleaded "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Where, as here, the plaintiff is proceeding pro se, the Court must construe the Complaint liberally, accept as true all well-pleaded factual allegations therein, and draw all reasonable inferences in the plaintiff's favor. *See Pearson v. Sec'y Dep't of Corr*., 775 F.3d 598, 604 (3d Cir. 2015).

Hottle brings this action pursuant to § 1983, which "provides a cause of action against 'every person who,' under color of state law, 'subjects, or causes to be subjected,' another person to a deprivation of a federally protected right." *Barkes v. First Corr. Med., Inc*., 766 F.3d 307, 316 (3d Cir. 2014) (quoting 42 U.S.C. § 1983), *rev'd on other grounds sub nom. Taylor v. Barkes*, 135 S. Ct. 2042 (2015). To be liable under § 1983, a defendant "must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

Hottle's first claim concerns her living conditions at GWH. Hottle alleges her Hepatitis B diagnosis resulted from the prison's unsanitary conditions. Specifically, she states she had no diseases or infections before entering the prison and thus she must have contracted the disease due to living in the prison's conditions. Hottle claims generally there was "negligence of cleanliness, sanitation, control and public safety." Pl.'s Resp. ¶ 18. She also alleges her unit and block at times

smelled of urine, had rats in the shower, and the sewers were connected to the drains in the shower room. *See id.* ¶ 72. Hottle asserts both Krolle and Cooper oversaw her block and were responsible for the conditions, safety, and any exposure to infectious disease or raw sewage.[4] *See id.* ¶ 3-4.

For a prison official to be held liable for an Eighth Amendment violation concerning conditions of confinement, first, the "deprivation alleged must be, objectively, sufficiently serious," that is, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks and citation omitted). Only conditions that deprive a prisoner of one of life's necessities, such as food, water, clothing, shelter, and medical care are unconstitutional. *See Griffin v. Vaughn,* 112 F.3d 703, 709 (3d Cir. 1997). Second, "a prison official must have a sufficiently culpable state of mind," which is "deliberate indifference to inmate health or safety." *Id*. To be deliberately indifferent, the official must know of and disregard an excessive risk to inmate health or safety. *See id*. at 837.

Measured under these standards, Hottle's conditions of confinement claim falls short. While Hottle's cell and GWH may have been dirty or unpleasant, "unpleasant prison conditions in and of themselves do not state a cognizable [E]ighth [A]mendment claim." *Payton v. Vaughn*, 798 F. Supp. 258, 261 (E.D. Pa. 1992) ("All that a prison is required constitutionally to give an inmate is a minimal civilized measure of life's necessities." (citation omitted)). Although, Hottle alleges the conditions caused her to contract Hepatitis B, and thus provides plausibility that some condition posed an excessive risk to her health, she has not identified with any plausibility which conditions caused her infection. *See* Pl.'s Resp. ¶ 16 ("The exposure to infectious disease or raw sewage,

---

[4] Hottle's Complaint and allegations do not implicate Brown in the unsanitary conditions of her block and the Court construes this claim as only against Krolle and Cooper.

however I was contaminated, is Krolle and Cooper's liability."). Additionally, Hottle's general allegations state the prison occasionally smelled of urine, which is insufficient to support an Eighth Amendment claim. *See Tsosie v. Holt*, No. 10-255, 2012 WL 1191608, at *9 (M.D. Pa. Apr. 12, 2012) (noting odor might be unpleasant but is insufficient to sustain Eighth Amendment claim when there is no credible threat to health or safety).

Hottle's conditions of confinement claim also alleges there were times when rats were in the showers. Numerous courts have recognized vermin or rats in a prison do not rise to a constitutional violation. *See Gupton v. City of Philadelphia*, No. 17-3987, 2019 WL 653072, at *3 (E.D. Pa. Feb. 14, 2019) (granting motion to dismiss when prisoner alleged roaches and rats in his cell); *Williams v. Lyons*, No. 89-2278, 1989 WL 32764, at *1 (E.D. Pa. 1989) (holding no Eighth Amendment violation where plaintiff alleged "exposure to asbestos, lead poisoning from paint, rats and bugs"). Hottle's allegation of rats occasionally in the showers is thus insufficient to establish an Eighth Amendment claim.

Finally, Hottle alleges "[t]he sewers are connected to the drains in the shower room." Pl.'s Resp. ¶ 72. It is unclear how this condition rises to a constitutional violation, and Hottle has failed to allege how the sewage pipe connections affected her health and safety. *See Mestre v. Wagner*, No. 11-2191, 2012 WL 299652, at *3 (E.D. Pa. Feb. 1, 2012) ("[Prisoner's] conclusory allegation that condition[s] [were] 'unsanitary and unhealthy' falls short of adequately alleging that he has been deprived of one of life's necessities."); *Norris v. Davis*, No. 10-1118, 2011 WL5553633, at *4 (W.D. Pa. Nov. 15, 2011) ("It is only when confinement becomes so foul, so inhuman, and so violative of the basic concepts of decency that a federal court should interfere."). Thus, Hottle's Complaint fails to allege she was "incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834.

In any event, even assuming Hottle alleged a condition sufficient to support her conditions of confinement claim, Hottle's Complaint does not contain any specific factual allegations suggesting Krolle and Cooper were deliberately indifferent to the unsanitary conditions and the alleged harm they caused her beyond their oversight of the cell block—which in itself is insufficient to establish liability. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (noting a defendant "must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior"). In sum, because Hottle has failed to allege conditions or culpability sufficient to establish an Eighth Amendment claim, Hottle's conditions of confinement claim will be dismissed.

Hottle next asserts an Eighth Amendment claim based on inadequate medical care against all Defendants. To state an Eighth Amendment claim based on inadequate medical care, the same definition of deliberate indifference applies—the official must know of and disregard an excessive risk to inmate health or safety. *See Farmer*, 511 U.S. at 837. Mere negligence in diagnosing or treating a medical condition by a physician does not state a valid claim under the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Here, Hottle fails to plead facts showing Defendants were deliberately indifferent to her alleged serious medical condition. Hottle asserts she went to medical when she felt sick and asked to go the hospital. She then alleges no personnel took her to the hospital. Ultimately, Hottle was diagnosed with Hepatitis B. Although Hottle alleges "non-medical personnel and medical personnel, were under the impression something seriously was wrong with Hottle," Pl.'s Resp. ¶ 26, she has failed to allege which Defendants, if any, were under this impression. She has also alleged Krolle was deliberately indifferent because Krolle was the correctional officer who told Hottle she "looked yellow." *Id.* ¶ 12. After this statement, Krolle suggested Hottle go to the medical wing and escorted her

there. These allegations, taken as true, do not allege deliberate indifference and do not state a claim for which relief can be granted. *See Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004) ("[A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference.").

Further, as for Defendants' involvement in Hottle's inadequate medical care, Hottle has alleged no facts to implicate the Defendants as medical personnel, in the decision to not send her to the hospital, or in their knowledge of her need to go the hospital for her condition. In fact, most of Hottle's allegations regarding this incident discuss other staff present in the medical wing and treating her. Interestingly, Hottle even alleges Krolle and Cooper stood by the doors the entire time and left the medical wing after they escorted her there. As for Defendant Brown, Hottle merely alleges Brown was the correctional officer in medical watching the security cameras at the time she arrived. These allegations do not implicate Defendants in any way. Accordingly, Hottle's Eighth Amendment claim for inadequate medical care will be dismissed.

Because Hottle's Complaint fails to state a claim upon which relief may be granted pursuant to Rule 12(b)(6), the Court must determine whether she will be granted leave to file an amended complaint. "Leave to amend must generally be granted unless equitable considerations render it otherwise unjust." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006). In this case, Hottle has not previously had the opportunity to amend and the pleading deficiencies in her Complaint are factual deficiencies that may be cured by amendment. Accordingly, in light of her pro se status, the Court will grant Hottle leave to file an amended complaint. *See Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) ("[I]f a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile.").

**CONCLUSION**

For the reasons set forth above, Defendants' Motions to Dismiss will be granted, Hottle's Complaint will be dismissed without prejudice, and Hottle will be granted leave to amend the deficiencies identified herein.

An appropriate order follows.

BY THE COURT:

 /s/ Juan R. Sánchez 
Juan R. Sánchez, C.J.